HORTON v. TURNER et al.

(Supreme Court, Appellate Division, Second Department. January 23, 1900.)

LANDLORD AND TENANT—WARRANTY OF WATER—EVIDENCE.

Where, in an action for rent, defendants relied on breach of a covenant of warranty as to the quality of water on the premises, which applied only to its quality at the time they took possession, and no breach was proved, as so construed, error in the reception of evidence as to the quality of the water at a subsequent time was not prejudicial as to them.

Appeal from special term, Westchester county.

Action for rent by Burrett W. Horton against Martha M. Turner and Julia A. Reynolds. From a judgment in plaintiff's favor, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Nathan P. Bushnell, for appellants.

Clinton F. Ferris, for respondent.

WILLARD BARTLETT, J. The only ground upon which the defendants could successfully deny their liability for rent was the breach of a collateral agreement by the lessor whereby he warranted

the good quality of the water on the leased premises. Even if the alleged oral warranty could be deemed collateral to the written lease, the evidence did not justify a finding that it had been broken. If there was any warranty at all as to the character of the water, it related to the time when the lease took effect. This was on May 23, 1898. The defendants began their occupation of the premises on June 16, 1898, and the water appears to have been unobjectionable until the middle of the succeeding August, when, according to the testimony of one of the defendants, it "got bad." This implies that it was not seriously objectionable or deleterious prior to that time.

The matters litigated before the justice related to two questions: (1) The alleged warranty by the agent of the lessor as to the quality of the water; and (2) the actual quality of the water. If the justice committed any error on the trial, either in the reception or rejection of evidence, or in his comments upon the proof, it was in relation to the second question. These alleged errors, however, become unimportant, in view of the fact that there was not enough evidence to sustain the conclusion that there had been any breach of such warranty as was alleged to have been given. As has already been pointed out, such warranty had reference to the commencement of the period when the defendants had a right to occupy the premises under the lease, and not to a date many weeks later. It follows that no error was committed which could have been in any legal sense harmful to the defendants, and that the county court was right in affirming the judgment of the justice.

The judgment appealed from should be affirmed, with costs. All concur, except HIRSCHBERG, J., taking no part.